# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**ANDREW STAMPS**                                                                 **PLAINTIFF**

**V.**                                                   **CIVIL ACTION NO. 5:08cv244-DCB-MTP**

**KRIS KNIGHT, et al.**                                                      **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on a Motion to Dismiss [15] filed by Defendants. Having reviewed the motion and the applicable law, the undersigned recommends that the Motion [15] be granted and that Plaintiff's claims against Defendants be dismissed with prejudice.

## FACTUAL BACKGROUND

Plaintiff Andrew Stamps is a former federal inmate who, at all times relevant to this action, was incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi ("FCI Yazoo City").[1] At FCI Yazoo City, Plaintiff was assigned to work in the UNICOR[2] factory as a Trimming Finisher. On September 10, 2007, Plaintiff spent his lunch break shopping in the commissary and was late returning to work. As a result, Plaintiff received a Job Action Report giving him a "Much Worse Than Average" score of "1" for punctuality and productivity, resulting in a reduction from pay grade 2 to pay grade 3.[3] Plaintiff remained in this position and

---

[1] Plaintiff was convicted in 2000 in the Southern District of Mississippi for being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1), and was sentenced to 120 months in prison and three years of supervised release. *See U.S. v. Stamps*, 3:00-CR-002TSL (S.D. Miss. 1995).

[2] UNICOR is the trade name for Federal Prison Industries.

[3] Defendants aver that Plaintiff had been given notice that inmates were not to shop in the commissary during work hours, and that if they did so, they would lose a pay grade. Plaintiff disputes this. *See* Complaint [1] and accompanying Exhibits [1-2].

pay grade until he was released to a halfway house in July 2008. *See* Complaint [1] and accompanying Exhibits [1-2].

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] on July 17, 2008. In the Complaint, Plaintiff claims that he should have been eligible for promotion or restored to his former pay grade on November 30, 2007. Plaintiff alleges that he was discriminated against by Defendants, in that other inmates who have been disciplined for more serious offenses have had their pay grades restored. Plaintiff also asserts a separate claim for harassment against Defendants Potter and Reed. Plaintiff seeks compensatory damages in the amount of $2800.42, which Plaintiff claims is double the amount of wages he lost as a result of the reduction in pay grade and subsequent failure to reinstate him to grade 2.

On December 1, 2008, Defendants filed their Motion to Dismiss [15]. In their motion, Defendants claim that Plaintiff's claims must be dismissed because: 1) he has failed to demonstrate a violation of his Fifth Amendment rights; and 2) he fails to state a claim for harassment. Plaintiff has not responded to the motion.[4]

## STANDARD

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "[t]he complaint must be liberally construed in favor of the Plaintiff, and all facts pleaded in the complaint must be taken as true." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). However, in order to survive a motion to dismiss, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (holding that "dismissal for failure to state a claim upon which relief may be

---

[4] On February 17, 2009, when Plaintiff had not responded to the Motion to Dismiss, the court entered an Order directing Plaintiff to respond by March 6, 2009; otherwise, Plaintiff was warned, the court would consider and rule upon the Motion to Dismiss without his response. Plaintiff has not responded to the Motion or the Order, nor has he otherwise communicated with the court since filing a Notice of Change of Address [14] on October 21, 2008.

granted *does not require* appearance, beyond a doubt, that plaintiff can prove no set of facts in support of claim that would entitle him to relief.") (*abrogating Conley v. Gibson*, 355 U.S. 41 (1957)) (emphasis added); *see also In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).

ANALYSIS

Due Process Claim

"[T]he Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997) (*citing Sandin v. Conner*, 115 S.Ct. 2293, 2297 (1995)). Rather, the liberty interests which are protected by the Due Process Clause "are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Id.* (*citing Sandin*, 115 S.Ct. at 2297). Thus, a prisoner's job transfer or even a loss of a job does not implicate any liberty interest where such action does not "inevitably affect the duration of [the prisoner's] sentence." *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995) (*quoting Sandin*, 515 U.S. at 487) (*cited in Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995)); *see also Jackson v. Cain*, 864 F.2d 1235, 1248 n.3, 1252 (5th Cir. 1989) (holding that a prisoner has no constitutional right to a specific work assignment, and prison officials may transfer prisoners to any job "for almost any reason at all"). Indeed, the Fifth Circuit has explicitly held that "a prisoner does not have a legitimate claim of entitlement to continuing UNICOR employment," and, therefore, a UNICOR prison job "does not amount to a property interest entitled to due process protection.'" *Bulger*, 65 F.3d at 50 (affirming dismissal for failure to state of a claim of prisoner's lawsuit for damages based on removal from UNICOR prison job).

3

Specifically with respect to compensation, the Fifth Circuit has also held that "[g]iven the discretion of prison officials with respect to job assignments and wage determinations," a plaintiff cannot show that a reduction in wages deprived him of a liberty interest. *Guzman v. Hollingsworth*, 231 Fed. Appx. 382 (5th Cir. June 19, 2007); *see also Wendt v. Lynaugh*, 841 F.2d 619, 621 (5th Cir. 1988) ("Whether there is compensation or how much compensation is paid [for work in prison] ... is not a constitutional issue."); *Jennings v. Lombardi*, 70 F.3d 994, 995 (8th Cir. 1995) (holding that inmates do not have property interest in receiving prison wages).

Based on the foregoing, it is clear that Plaintiff has failed to state a claim for violation of due process and, therefore, this claim should be dismissed with prejudice.

Equal Protection Claim

Having failed to allege membership in a protected class, in order to have an equal protection claim Plaintiff must "[show] that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Nance v. New Orleans & Baton Rouge Steamship Pilots' Ass'n*, 174 Fed. Appx. 849, 854 (5th Cir. Apr. 10, 2006) (citations omitted) (brackets in original). Alternatively, Plaintiff may show that a government policy or procedure was selectively enforced against him, by showing that "the government official's acts were motivated by improper considerations, such as race, religion, or the desire to prevent the exercise of a constitutional right." *Id.* (citation omitted).

In his Complaint, Plaintiff merely makes vague, unsubstantiated allegations that he was discriminated against. He does not even allege that he was intentionally treated differently from others similarly situated. Nor does Plaintiff allege that any government policy or procedure was selectively enforced against him on the basis of any improper considerations. Accordingly, Defendants are entitled to dismissal of this claim.

Harassment Claim

Finally, Plaintiff alleges that Defendants Potter and Reed acted in a hostile manner toward him, verbally harassed him and, on one occasion, Defendant Potter made a threatening gesture toward him. However, "mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations." *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (*quoting Coyle v. Hughes*, 436 F. Supp. 591, 593 (W.D. Okla. 1977)); *see also Martin v. McElvaney*, 32 F.3d 566 (5th Cir. 1994) (citations omitted)). Accordingly, this claim must be dismissed.

RECOMMENDATION

For the reasons stated above, the undersigned recommends that Defendants' Motion to Dismiss [15] be granted and that Plaintiff's claims be dismissed with prejudice.

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

5

SO ORDERED AND ADJUDGED this the 17th day of April, 2009.

                                        s/ Michael T. Parker
                                        United States Magistrate Judge